**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL | : | CIVIL ACTION |
| SERVICES, INC. | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 08-CV-1264 (MMB) |
| MID-AMERICA HEALTHCARE LP, AND | : | |
| CHARLES RILEY | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

**Baylson, J.**                                                                                   **August 20, 2008**

**I.      Introduction**

Plaintiff De Lage Landen Financial Services, Inc. ("DLL") brought suit against Mid-America Healthcare LP ("Mid-America") and Charles Riley for breach of contract and unjust enrichment.  Presently before the Court is Defendants' motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).  For the reasons discussed below, the Court will deny Defendants' motion.

**II.      Factual Background and Procedural History**

DLL filed its Complaint on March 13, 2008.  DLL is incorporated in Michigan with a place of business in Wayne, Pennsylvania.  Mid-America is incorporated in Missouri with its principal place of business in Fenton, Missouri.  According to the Complaint, Riley was the Chief Executive Officer of Mid-America and resides in St. Louis, Missouri.

DLL and Mid-America are parties to a contract entitled "Rental Agreement."  In this agreement, DLL sent certain phone equipment to Mid-America in exchange for monthly

1

payments.  Riley entered into a personal guaranty ("Guaranty") in which he agreed to satisfy Mid-America's payment obligations should Mid-America default on the terms of the Rental Agreement.  The Complaint alleges that the Defendants failed to remit their monthly payments to DLL after Mid-America received the phone equipment.  DLL asserts this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  DLL claims venue is proper for Mid-America pursuant to 28 U.S.C. § 1391(c) and for Riley pursuant to 28 U.S.C. § 1391(a)(2).

On June 16, 2008, Mid-America and Riley moved to dismiss for lack of personal jurisdiction and venue, or in the alternative, to transfer venue to the United States District Court of the Eastern District for Missouri.  DLL responded on July 9, 2008 in opposition to Defendants' motion.

## III.    Parties' Contentions

### A.    Defendants

The Defendants contend the Court lacks personal jurisdiction because they lack the minimum contacts necessary to satisfy the due process requirements.  According to the Defendants, the Rental Agreement was negotiated, executed, and accepted in Missouri and neither Defendant has transacted business within the State of Pennsylvania.   Defendants also assert DLL and other third parties committed fraud and misrepresentations that occurred in Missouri, not Pennsylvania.

Based upon these same facts, Defendants argue that venue in the Eastern District of Pennsylvania is improper because Mid-America and Riley do not reside in Pennsylvania and the alleged events and/or omissions giving rise to DLL's claims did not occur within the state.

In the alternative, the Defendants move to transfer venue to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).  Defendants claim that the private and public interest factors listed in <u>Jumara</u> weigh in favor of transferring venue.  <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873 (3d Cir. 1995).  They argue Pennsylvania is an inconvenient and unjust forum because: (1) Missouri is where the Rental Agreement was negotiated and executed, where the phone equipment is located, where the Defendants reside, where all of the Defendants' material witnesses reside, as well as where Defendants' records are stored; (2) they will expend a large amount of money to account for witnesses' time and lodging associated with travel to Philadelphia; (3) Missouri is the place where a majority, if not all, of the events giving rise to the claim occurred; (4) Missouri would be easier and more expeditious for trial than Philadelphia because the location of the parties, witnesses, and records are located in Missouri; (5) court congestion and enforcement of judgment also favors venue in Missouri; (6) there are third parties not yet attached to this suit who are all located in Missouri; and (7) the primary controversy of the case does not involve contractual claims but rather tortuous conduct that occurred in Missouri, which includes fraud and misrepresentations.

### B.     Plaintiff's Response

DLL's response relies on a forum selection clause that Mid-America agreed to in the Rental Agreement and Riley agreed to in the Guaranty, respectively.  DLL claims that these provisions should be dispositive of Defendants' motion to dismiss for lack of personal jurisdiction and improper venue.  Once a party has consented to personal jurisdiction, DLL claims the minimum contacts analysis is inappropriate and the Court should only consider whether the clauses are valid and effective.

In the Rental Agreement, the forum selection clause at issue reads:

CHOICE OF LAW: This Rental Agreement was made in the Commonwealth of Pennsylvania (by US having countersigned it in Wayne, Pennsylvania); and it is to be performed in the Commonwealth of Pennsylvania by reason of the Rental Payments. YOU are required to pay US in Pennsylvania. This Rental Agreement shall in all respects be interpreted and all transactions subject to this Rental Agreement shall be determined and governed as to their validity, interpretation, enforcement and effect by the laws of the Commonwealth of Pennsylvania except for local filing requirements. YOU consent to and agree that non-exclusive jurisdiction, personal or otherwise, over YOU and the Equipment shall be with the Courts of the Commonwealth of Pennsylvania or the Federal District Court for the Eastern District of Pennsylvania solely at OUR option with respect to any provision of this Rental Agreement. YOU ALSO AGREE TO WAIVE YOUR RIGHT TO A TRIAL BY JURY.

In the Guaranty, the relevant clause at issue reads:

This guaranty shall be governed in all respects by the laws of the Commonwealth of Pennsylvania and shall be deemed to have [been] made in the Commonwealth of Pennsylvania. Guarantors waive trial by jury in any litigation regarding this Guaranty. Guarantors hereby consent to personal jurisdiction of the courts of the Commonwealth of Pennsylvania and/or the Federal District Court for the Eastern District of Pennsylvania.

DLL asserts that since Defendants did not provide any argument for why these clauses should not be enforced (indeed, the Defendants fail to mention the clauses), they are valid and effective in fixing jurisdiction within Pennsylvania. Apart from the forum selection clause, DLL claims Defendants are also connected to Pennsylvania because they chose to enter into a contract in Pennsylvania with a Pennsylvania resident and remitted monthly payments to DLL in Pennsylvania.

Similarly, DLL argues venue is proper in the Eastern District of Pennsylvania over both Defendants. First, venue is proper for Mid-America because it is considered a corporation for venue purposes and pursuant to 1391(c), venue is proper in any district where personal jurisdiction exists. Second, venue is proper for Riley pursuant to 1391(a)(2) because a substantial part of the events/omissions giving rise to the Complaint occurred in the Eastern

4

District of Pennsylvania, since the contract was executed and performed within Pennsylvania. Further, DLL asserts that the forum selection clause precludes a transfer under § 1406 because parties can agree to venue among themselves.

In response to Defendants' alternative motion to transfer venue pursuant to § 1404(a), DLL argues the Defendants have not shown that the public and private interest factors of <u>Jumara</u> outweigh the parties' pre-litigation choice to litigate in the Eastern District of Pennsylvania. Indeed, DLL claims the <u>Jumara</u> factors weigh in favor of venue in Eastern District of Pennsylvania because: (1) the Plaintiff's choice of forum is entitled to substantial deference; (2) a change in venue would shift the same burden onto DLL because Missouri is far away from them, its witnesses and its relevant records; (3) there is no allegation by the Defendants that their witnesses may actually be unavailable for trial in this Court or that the equipment could not be produced; (4) there is no reason why a judgment in either district could not be enforced elsewhere; (5) because the Rental Agreement and the Guaranty both specify Pennsylvania law applies, this Court is more likely to be familiar with applicable law; and (6) DLL has initiated one-hundred and four Pennsylvania lawsuits against lessees like the Defendants who defaulted in payments.

## IV.   Relevant Legal Standards

### A.   Personal Jurisdiction

When deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the allegations of the complaint are taken as true.  However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. <u>See</u> <u>Dayhoff Inc. v. H.J. Heinz Co.</u>, 86 F.3d 1287, 1302 (3d Cir. 1996), <u>cert.</u> <u>denied</u>, 519 U.S.

1028, 117 S. Ct. 583, 136 L. Ed. 2d 513 (1996)).  The plaintiff must establish those contacts with reasonable particularity.  See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1996).  Once the plaintiff makes out a *prima facie* case in favor of personal jurisdiction, the burden shifts to the defendant to establish that the presence of some other considerations would render jurisdiction unreasonable.  See Cateret Sav. Bank v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992).

A federal district court "may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits." Mellon Bank, 983 at 551. Pennsylvania law provides that personal jurisdiction may be exercised if the parties consent.  42 Pa. Cons.Stat. Ann. §5301(a).  Thus when a forum selection clause is at issue, the "minimum contacts analysis is inappropriate [and i]nstead, the court must consider the validity and effect of the forum selection clause in order to determine if there has been a consent to *in personam* jurisdiction." Provident Mutual Life Ins. Co. of Phila. v. Bickerstaff, 818 F. Supp. 116, 118 (E.D. Pa. 1993); citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); Intl Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); Mellon Bank, 960 F.2d at 1222.  "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal law." Jumara, 55 F.3d at 877.  Under federal law, forum selection clauses are *prima facie* valid and enforced unless the party challenging such a clause can "clearly show that enforcement would be unreasonable and unjust." BABN Tech. Corp. v. Bruno, 25 F.Supp.2d 593, 595 (E.D. Pa. 1998), quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

**B.      Venue**

Venue in a diversity action is governed by 28 U.S.C. § 1391(a), which reads:

6

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  When an action involves a defendant corporation, 28 U.S.C. § 1391(c) provides that a corporation resides in any judicial district in which it is subject to personal jurisdiction.

In considering a motion to dismiss for improper venue under 12(b)(3), the Court must generally accept as true the allegations in the complaint, unless contradicted by defendant's affidavits.  Holiday v. Bally's Park Place, Inc., No. 06-cv-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sep. 10, 2007).  The Third Circuit has held the movant bears the burden of demonstrating venue is improper.  Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

In Provident Mutual Life Ins. Co. of Phila., the Court held when a forum selection clause exists, "its effect on the issue of the appropriateness of venue is essentially identical to its effect on the question of jurisdiction."  818 F. Supp. at 119; see also Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 293 (3d Cir. 1994);[1] Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc., 825 F. Supp. 671 (D. N.J. 1993) (where parties have agreed to a "pre-specified venue(s), whether it be one prescribed by § 1391 or some other venue which would not be proper under § 1391, the [party] possesses a contractual, not a statutory, right to litigate in the pre-selected

---

[1] In dicta, the Third Circuit has suggested that if a suit arises under an agreement containing a choice of venue provision, the provision would be "critical" in determining venue.  Cottman, 36 F.3d at 291.  The Court found that the action in the case did not arise from the contract, and therefore "delete[d]" the forum selection clause from further consideration.  Id.

venue."); Wall St. Aubrey Golf, LLC v. Aubrey, 2006 WL 1525515, at *4, (3d Cir. June 5, 2006) (non-precedential) (holding parties can agree to venue themselves).

      **C.**    **Transfer of Venue**

      The decision to transfer an action pursuant to § 1404(a) is discretionary with the Court, reviewed only for abuse of that discretion.  See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 631-32 (3d Cir. 1989).  The movant bears the burden of establishing that a venue transfer is warranted.  Jumara, 55 F.3d at 879.  "Although § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally."  Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001).

      The first step in a court's analysis under § 1404(a) is to determine whether venue would be proper in the transferee district.  Id.  If venue is proper, the court determines whether a transfer would be appropriate by weighing a series of private and public factors.  Id.  The private factors include: (1) the plaintiff's choice of venue; (2) the defendants' preference; (3) where the claim arose; (4) the relative physical and financial condition of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the forums; and (6) the extent to which books and records would not be produced in one of the forums.  See Miller v. Atkins Nutritionals, Inc., 2005 WL 503261, at *3 (E.D.Pa. 2005) (citing Jumara, 55 F.3d at 879). Public factors include: (1) enforceability of a judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the controversy; (5) the public policies of the forums; and (6) the familiarity of the trial judge with applicable state law in diversity cases.  Pro Spice, Inc., 173 F.Supp.2d at 339.

IV.   **Discussion**

A.   **Personal Jurisdiction**

Since both Defendants consented to personal jurisdiction in Pennsylvania through forum selection clauses, the Defendants were required to meet their burden of demonstrating the forum selection clauses are unjust, unreasonable and should not be enforced.  BABN Tech. Corp. v. Bruno, 25 F.Supp.2d 593, 595 (E.D. Pa. 1998), quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  However, the Defendants did not allege any of the three possibilities set forth in Coastel Steel Corp., 709 F.2d at 202, and in fact, fail to even mention either the existence of either forum selection clause in their motion.  Instead, Defendants allege they lack sufficient contacts to meet the requirements of the due process because they have never conducted business nor resided in Pennsylvania and that it would be inconvenient and expensive to litigate this action in Pennsylvania.  However, the minimum contacts analysis is inappropriate when there is a valid forum selection clause.  Provident Mutual Life Insurance Co. of Phila., 818 F. Supp. at 118.  In the Defendants' Motion, there is no evidence to suggest that the contractual clauses at issue were fraudulently obtained or that enforcement would violate the public policy of either Pennsylvania or Missouri or that the Defendants would somehow be deprived of their day in court if this action were to remain in this forum.  The Defendants do make general allegations that the entire contract was a result of "fraudulent representations"; however, "[f]raudalent inducement as to the entire contract will not invalidate an otherwise valid forum selection clause."  Nemo Assoc., Inc. v. Homeowners Mktg Serv. Int'l, Inc., 942 F.Supp. 1025, 1028 (E.D. Pa. 1996). "The party challenging the clause must show that the clause itself was procured through fraud." Id.

Although litigating in Pennsylvania will be inconvenient for Defendants, this inconvenience "was foreseeable at the time of the [agreements] and does not, standing alone, render this Court's exercise of jurisdiction unreasonable." Fuller Co. v. RDM Tech., No. 99-cv-1684, 1999 U.S. Dist. LEXIS 16460, at *9-10 (E.D. Pa. Oct. 15, 1999) (finding unpersuasive defendant's argument that the forum selection clause should not be enforced because every material witness and equipment is in another country and because defendant did not contend these witnesses would be unavailable for trial in Pennsylvania or that the equipment could not be transported). Since Defendants do not claim that their witnesses would be unavailable for trial in Pennsylvania, the forum selection clause cannot be considered to be unreasonable or unjust. Therefore, the Court concludes the forum selection clauses are valid and effective at fixing jurisdiction within Pennsylvania and Defendants' motion to dismiss for lack of personal jurisdiction is denied.

**B.     Venue**

As decided above, the forum selection clauses are valid and effective. As a result of these applicable forum selection clauses, venue is proper in the Eastern District of Pennsylvania for both Defendants.

In Provident Mutual Life Ins. Co. of Phila., the judge of the Court held that when a forum selection clause exists, "its effect on the issue of the appropriateness of venue is essentially identical to its effect on the question of jurisdiction." 818 F.Supp. at 119. Because parties are able to agree on venue themselves and the Court has already found the forum selection clauses which fix both personal jurisdiction and venue to be valid provisions, the Court denies Defendants' motion.[2] Wall St. Aubrey Golf, LLC v. Aubrey, 2006 WL 1525515, at *4; see also

---

[2] The Court finds Provident Mutual Life Ins. Co. of Phila. particularly on point because of the similarity of the forum selection clauses as well as the similarity of the defendants' claims. Id. In Provident, the Court held that a nonexclusive forum selection clause establishes venue in Eastern District of Pennsylvania in spite of the fact that the

NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 320 (D.N.J. 1998) (holding defendant waived any opposition to improper venue when it agreed to the forum selection clause fixing venue).

### C.     Transfer of Venue

The parties do not dispute that venue would be proper in the Eastern District of Missouri, where both Defendants reside and Mid-America has its principal place of business.  The Court must therefore consider the Jumara factors and determine "whether the balance of convenience weighs in favor of a transfer."  Precimed S.A. and Precimed, Inc. v. Orthogenesis, Inc., No. 04-1842, 2004 U.S. Dist. LEXIS 23357, at *10 (E.D. Pa. Nov. 17, 2004).

Defendants assert the private and public factors set forth in § 1404(a) warrants transfer because Missouri is where: (1) all of their witnesses and the equipment are located; (2) where the claim arose; (3) the Eastern District Court of Missouri is less congested; (4) a judgment against the Defendants would be easier to enforce; (5) that Defendants cannot not raise counterclaims against others involved in this suit because this Court lacks jurisdiction over them; and (6) a strong local interest of Missouri in deciding the controversy.

Plaintiff puts forth his own evaluation of the § 1404(a) factors, concluding that an analysis of both the private and public interests in this case requires the conclusion that transfer is inappropriate.  In particular, Plaintiff focuses on: (1) the importance placed on the plaintiff's choice of forum; (2) the substantial weight that should be accorded the forum selection clause where Defendants' consented to venue in the Eastern District of Pennsylvania; (3) the more than

---

Defendant asserted he had not conducted business or resided in Pennsylvania, that he and all his witnesses reside in California, and that it would be inconvenient and expensive for him to litigate this action in Pennsylvania. Id. at 119.

   The Court declines to consider Riley's argument that venue is improper pursuant to § 1391(a)(2).  Instead, the Court bases its decision for proper venue on enforcing the valid forum selection clause where Riley consented to both jurisdiction and venue.

100 other, similar cases that DLL has filed in this District; and (4) the fact that the Rental

Agreement and Guaranty both specify Pennsylvania law applies and therefore this Court is more

likely to be familiar with applicable law; and (6) the location of all of DLL's within this District,

meaning that a transfer would merely shift the burden of inconvenience onto the plaintiff.

Concerning the private interest factors, the Court finds they weigh in favor of Plaintiff.

First, this Court considers a valid forum selection to be a "paramount factor" in deciding a §

1404(a) motion.  Marlin Leasing Corp. v. Biomeriuex, Inc., No. 06-5609, 2007 WL 1468840, at

*5 (E.D. Pa. May 16, 2007) (J. Baylson).  Since the forum selection clauses are valid, the

"consideration of other public and private factors by this Court is altered.  More weight should

be given to the parties' pre-litigation choice, and less weight afforded to the other factors."  De

Lage Landen Fin. Serv., 2002 U.S. Dist. LEXIS 24744, at *14 (holding that when defendants

consent to personal jurisdiction and venue, they "contract to bear the risk of any personal

inconvenience of litigating" in that agreed upon forum).

Similarly, the Third Circuit considers a plaintiff's choice of forum a paramount factor

when considering a § 1404(a) motion.  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.

1970) ("a plaintiff's choice of a proper forum is a paramount consideration in any determination

of a transfer request, and the choice should not lightly be disturbed.").  Here, the Plaintiff has

chosen this forum, where it has its place of business and where Defendants' have consented to

jurisdiction and venue.  Id.  The Third Circuit has noted that "nothing in the language or policy

of § 1404(a) [justifies] its use by defendants to defeat the advantages accruing to plaintiffs who

have chosen a forum which, although it [is] inconvenient, [is] a proper forum."  Shutte, 431 F.2d

at 25, quoting Van Dusen v. Barrack, 376 U.S. 612, 633-34 (1964) (holding that "unless the

balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of

forum should prevail."). Although the Defendants argue that the events giving rise to the claim occurred in Missouri, this does negate the deference given to the Plaintiff's choice of forum. NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 322 (D.N.J. 1998) (holding that defendant's arguments that all of the events that give rise to the claims occurred in another forum as well as the witnesses, documents and equipment does not "outweigh the deference due to Plaintiff's choice of forum and the forum selection clause").

Defendants' remaining private interest grounds for transfer—their inconvenience and the location of the equipment—do not support a transfer. Defendants' inconvenience is entitled to significantly less weight than it otherwise would receive in light of the forum selection clause. Jumara, 55 F.3d at 880 ([A] forum selection clause is treated as a manifestation of the parties' preference as to a convenient forum."). Even if the Court were to fully consider Defendants' inconvenience, the Court finds that their showing of inconvenience is insufficient. The Third Circuit held district courts can only consider such inconveniences "to the extent that the witnesses may actually be unavailable for trial in one of the fora" and "to the extent that files could not be produced in the alternative forum." Jumara, 55 F.3d at 879. The Defendants allege neither, and it is insufficient to simply argue general inconvenience. Byrd v. Johnston, No. 07-2963, 2007 U.S. Dist. LEXIS 91866, at *17 (E.D. Pa. Dec. 14, 2007). Further, the Plaintiff has shown a transfer would merely shift the burden of litigation in a distant forum onto them, which would reach an "illogical" result, since Plaintiff has selected this forum and great weight is afforded to its preference. Landen Fin. Servs., 2002 U.S. Dist. LEXIS 24744, at *14. Finally, the location of the equipment does not support a transfer because the Defendants do not claim that the equipment could not be moved to Pennsylvania, and more importantly, Defendants do

13

not explain why it would even be necessary for the equipment to travel to Pennsylvania.  <u>NCR Credit Corp.</u>, 17 F. Supp. 2d at 323.

Concerning the public factors, the Court finds the Defendants' arguments unpersuasive. Defendants have not offered any evidence why it would be more difficult to enforce the judgment of this case in the Eastern District of Pennsylvania than it would be if the case were decided in the Eastern District of Missouri.  Also unconvincing is Defendants' statement that jurors would have a "minimal interest" because the conduct occurred in Missouri.  Further, <u>Jumara</u>'s sixth factor (familiarity of the trial judge with the applicable state law in diversity cases) weighs in favor of Plaintiff, since the contract includes a choice of law provision applying Pennsylvania law.  <u>Carvel</u>, 2002 U.S. Dist. LEXIS 24744 at *18.  Similarly, the fact DLL has over one hundred pending lawsuits against lessees similar to Defendants weighs in their favor. <u>In Re Amkor Tech.</u>, No. 06-298, 2006 U.S. Dist. LEXIS 93931 at *20-22 (E.D. Pa. Dec. 28, 2006).

After careful consideration of both the public and private factors of § 1404(a), the Court will deny the motion to transfer venue to the Eastern District of Missouri.  As noted in <u>BABN Technologies Corp.</u>, "[a] party can seek to seek to rescind a forum selection clause . . . but if the attempt fails and the clause is held to be valid, then section 1404(a) may not be used to make an end run around it."  25 F.Supp.2d at 599, quoting <u>Northwestern Nat'l Ins. Co v. Donovan</u>, 916 F.2d 372, 378 (7th Cir. 1990).  Therefore, the motion to transfer pursuant § 1404(a) is denied.

## V.  Conclusion

For the reasons stated above, the Court will deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or in the Alternative to Transfer Venue.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL | : | CIVIL ACTION |
| SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | NO. 08-CV-1264 (MMB) |
| MID-AMERICA HEALTHCARE LP, AND | : | |
| CHARLES RILEY | : | |
| | : | |

## <u>ORDER</u>

And NOW, this  20th   day of August, 2008, it is hereby ORDERED that Defendants'

Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or in the Alternative to

Transfer Venue (Doc. No.  10) is DENIED.


BY THE COURT:


   /s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.